IN THE UNITED STATES DISTRICT COURT
FOR THE NORTH DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACOB REVILLS, | ) | |
| KENDRA JONES, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| CK 800 Galleria LLC | ) | |
| | ) | |
| GALLERIA APARTMENTS | ) | |
| 800 LLC | ) | |
| | ) | |
| TA ELEMENT GALLERIA LLC | ) | |
| | ) | |
| DONAVIN VAUGHN | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiffs, Mr. Jacob Revills and Ms. Kendra Jones, (hereinafter the "Plaintiffs") file this complaint against Defendants seeking redress for violations of the Fair Housing Act, 42 U.S.C. § 3601 and 42 U.S.C. § 1981.

## **INTRODUCTION**

Mr. Revills, a black male, leased an apartment from Defendants for a 12-month period, from March 2021 – March 2022, as reflected in a written lease agreement between the parties.  Mr. Revills lived with his partner, Ms. Kendra Jones, a black woman.  Together, the couple have four children under the age of five.  A few months after moving into the unit, Ms. Jones began to receive unwanted sexual advances from Defendant Vaughn, a white male maintenance employee of Defendants.  Defendant Vaughn made repeated requests to have sex with Ms. Jones in-person and via written notes he placed onto her vehicle.  Defendant Vaughn threatened to tow Ms. Jones' car and evict her if she refused to have sex with him.

After Ms. Jones refused to have sex with Defendant Vaughn, he had her car towed twice in the fall of 2021.  Mr. Revills reported the sexually harassing behaviors to management, but Defendants failed to intervene on the couple's behalf.  In like fashion, Ms. Jones called the Cobb County Police to report the sexual harassment.  In lieu of conducting an investigation into the discriminatory behaviors of Defendant Vaughn, Defendants unlawfully evicted the couple by issuing criminal trespass orders against them to evade the statutorily required eviction process.  Defendants also deactivated Mr. Revills' key fob to prohibit him from accessing his leased unit.  Frustrated by the lack of assistance from Defendants, the couple filed a complaint with HUD in December 2021.

Thereafter, in April 2022, after engaging in protected activity, Defendant Vaughn drew a penis on Mr. Revills' vehicle with the words, "Fuck you" drawn thereon. Later, Defendant Vaughn taunted Mr. Revills, by saying, "How do you like my artwork?"

In addition to ongoing sexual harassment of both Mr. Revills and Ms. Jones, Defendants, by and through their employees, have discriminated against the couple through the use of offensive racial comments referring to the Revills' family as "ghetto" and 'the wrong type of people for the community.' Defendants have likewise engaged in familial-based discrimination by encouraging the family to 'tie up' their children, among other acts.

Defendants have interfered with Plaintiffs' federal rights to lease property without unlawful race, sex, and familial status-based discrimination—resulting in stress, pain and suffering, and interference with their property use rights. Plaintiffs seek pecuniary, equitable, and compensatory damages to make them whole.

## **PARTIES**

1.

Mr. Jacob Revills is an Adult African American male. At all times relevant to this action, Mr. Revills has been and continues to be a resident of Fulton County.

2.

Ms. Kendra Jones is an adult African American female.  At all times relevant to this action, Ms. Jones has been and continues to be a resident of Fulton County.

3.

CK 800 Galleria LLC (hereinafter "CK 800") is a Domestic Limited Liability Company that provides real estate and leasing services.  CK 800 Galleria LLC's principal place of business is located at 300 Galleria Parkway SE Suite 200, Atlanta, GA, 30339, and its Registered Agent, Carolyn Sarrio, physical address is 300 Galleria Parkway SE Suite 200, Atlanta, GA, 30339.  CK 800 was the landlord of the Property leased by Plaintiffs from March 2021-March 2022, as identified on the controlling lease agreement.

4.

Galleria Apartments 800 LLC (hereinafter "Galleria Apartments") is Domestic Limited Liability Company that provides real estate and leasing services.  Galleria Apartment's principal place of business is located at 300 Galleria Parkway SE Suite 200, Atlanta, GA, 30339, and its Registered Agent, Carolyn Sarrio, physical address is 300 Galleria Parkway SE Suite 200, Atlanta, GA, 30339.  Galleria Apartments was second owner and landlord of the Property leased by Plaintiffs from March 2021-March 2022.

5.

TA Element Galleria LLC (hereinafter "Element Galleria") is a Foreign Limited Liability Company.  The Galleria's principal place of business is located at 1 Federal St, 17th Floor, Boston, MA, 02110, and its Registered Agent, Corporation Service Company, physical address is 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.  Element Galleria purchased the subject Property from the prior owner on December 1, 2021.  Element Galleria was the owner and landlord of the subject premises during the period of retaliatory actions experienced by Plaintiffs, further discussed herein.

6.

Donavin Vaughn is a male formerly employed by the Corporate Defendants as a maintenance professional.  Mr. Vaughn sexually harassed Ms. Jones, and he retaliated against Ms. Jones and Mr. Revills through a series of actions further discussed herein.  Mr. Vaughn resides in Caroll County, Georgia, and is subject to the jurisdiction of this Court.

**JURISDICTION AND VENUE**

7.

This action arises under laws of the United States, including Plaintiffs' claims against Defendants for violations of the Fair Housing Act and Section 1981,

federal civil rights statutes. This Court has authority to award costs and attorneys'

fees under 42 U.S.C. § 1988 and 42 U.S.C. § 3613.

8.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §

1391(b)(1) and (b)(2).  Plaintiffs have residence in the Northern District of

Georgia, and a substantial part of the events and omissions giving rise to the claims

in this action occurred in this district.

## **FACTS**

9.

Mr. Revills signed a 12-month lease for 800 Galleria Parkway, Apartment 619,

Atlanta, Georgia 30339 (hereinafter the "property").

10.

Mr. Revills' partner is Ms. Kendra Jones.  Together, they have four children, under

the age of five.

11.

Ms. Jones and their four children lived at the property with Mr. Revills.

12.

In summer 2021, Mr. Donavin Vaughn, an agent and maintenance employee of Plaintiff, began making sexual advances at Ms. Jones.

13.

Mr. Donavin Vaughn threatened to evict Ms. Jones and tow her vehicle from the property if she refused to have sex with him.

14.

Ms. Jones refused to have sex with Mr. Donavin Vaughn.

15.

Mr. Vaughn left notes on Ms. Jones' vehicle with his phone number, instructing her to call him when her partner 'was not around.'

54.

From mid-September 2021 through Thanksgiving, Defendants, by and through their employees repeatedly encouraged the couple to 'tie up' his children for discriminatory reasons.

55.

On occasion, Ms. Jones would braid hair or twist locks within her unit.  In response, Defendants, by and through their employees, would refer to the Revills' family and their guests as "hoodlums" and "ghetto."

56.

Defendants, by and through their management personnel, repeatedly told the Revills' family that they 'did not fit into the appropriate demographic of the apartment complex.'

57.

Defendants, by and through their employees, made these discriminatory comments because of racial animus and lack of tolerance for black identities, as evidenced by their disdain for black hairstyles.

16.

On November 26, 2021, and December 2, 2021, Defendant Vaughn had Ms. Jones' vehicle towed from the property.

17.

Mr. Revills confronted Mr. Donavin Vaughn and asked him to stop sexually harassing Ms. Jones.

18.

Mr. Revills reported the sexual harassment to Defendants via their onsite property management, Mr. Eric Guerrin.

19.

Defendant Vaughn refused to provide the towing company information to Mr. Revills.

20.

Defendants, by and through their employees, have made racially discriminatory comments to the Revills' family, saying that their children "were too loud and that he [Mr. Revills] should tie them up or something."

21.

Defendants, by and through their employees, would refer to Revills family visitors as "hoodlums" and "ghetto."  Defendant said that the Revills family "didn't fit into the appropriate demographic of the apartment complex."

22.

Upon information and belief, Defendant's comments and behaviors are rooted in racial animus against Black persons.

23.

On or about December 2, 2021, Defendants had Cobb County Police Department issue Mr. Revills a criminal trespass warning, prohibiting him from entering portions of the property.

24.

On or about December 2, 2021, Defendants had Cobb County Police Department issue Ms. Jones a criminal trespass warning, prohibiting her from entering the property.

25.

On or about December 2, 2021, Defendant intentionally and purposefully deactivated Mr. Revills key fob to eliminate access to the property.

26.

On December 6, 2021, Mr. Revills attempted to pay tender rent to Defendants.

27.

On December 6, 2021, Mr. Revills contacted Mr. Eric Guerrin, an agent and employee of Defendants, to pay rent and discuss the unresolved and ongoing sexual harassment of Ms. Jones.

28.

Mr. Guerrin told Mr. Revills to stop contacting management.

29.

Mr. Guerrin threatened to have Mr. Revills' family arrested if they came onto the property.

30.

Mr. Guerrin refused to accept payment from Mr. Revills.

31.

From December 2021 until May 4, 2022, when Mr. Revills returned possession to Defendant, Mr. Revills did not have an operable key fob to access the property.

32.

From December 2021 until May 4, 2022, when Mr. Revills returned possession to Defendant, Mr. Revills was denied maintenance services to his unit.

33.

On December 26, 2021, Mr. Revills and Ms. Jones filed a fair housing discrimination complaint with HUD.  The investigation is currently pending.

34.

On or about April 30, 2022, Mr. Donavin Vaughn drew a penis and the words "Fuck you" on Mr. Revills' vehicle parked on the apartment complex premises. Later, Mr. Donavin Vaughn taunted Mr. Revills saying, "How do you like my artwork?"

35.

Mr. Revills returned possession, keys, and effects to Defendant on May 4, 2022.

## COUNT I: FAIR HOUSING ACT VIOLATION BASED ON RACE, SEX, AND FAMILIAL STATUS

*(Plaintiffs Against Defendants)*

36.

Plaintiffs reinstate and reincorporate P1—P35 stated above.

37.

Mr. Revills is within the protected classifications of race and familial status covered under the Fair Housing Act as a black male with 4 minor children.

38.

Ms. Jones is within the protected classifications of race, sex, and familial status covered under the Fair Housing Act as a black female with 4 minor children.

39.

Ms. Jones and Mr. Revills were intentionally and with malice aforethought denied the opportunity to participate in the terms, conditions, and privileges granted to tenants because of their race, sex, and familial status.

40.

Ms. Jones and Mr. Revills were intentionally and with malice aforethought denied the provision of services in connection with the landlord-tenant relationship in the Galleria community because of their race, sex, and familial status.

41.

The Defendants, by and through their agents and employees' discriminatory scheme, intentionally interfered with Mr. Revills' rights to have his family visit him at the Property by issuing a criminal trespass against Ms. Jones to deprive him of the opportunity to see his children on the property.

42.

The Defendants, by and through their agents and employees' discriminatory scheme, intentionally interfered with Mr. Revills' rights by filing an unlawful eviction, deactivating his key fob, issuing a criminal trespass warning, threatening to arrest him, and allowing Defendant Vaughn to sexually harass him, after he reported discrimination.

43.

The Defendants, by and through their agents and employees' discriminatory scheme, intentionally interfered with Ms. Jones' right to be free from unwanted sexual advances and harassment on the property she resided in.

44.

The Defendants, by and through their agents and employees' discriminatory scheme, intentionally interfered with Plaintiffs' right to quiet enjoyment through discriminatory comments suggesting that they should "tie up" their children, in contravention of the Fair Housing Act, familial status protected classification.

45.

The Defendants, by and through their agents and employees' discriminatory scheme, intentionally interfered with Plaintiff's rights to quiet enjoyment through discriminatory comments calling them "ghetto" and "hoodlums" and other racially discriminatory comments, in contravention of the Fair Housing Act, racial identity protected classification.

46.

Defendants purposefully interfered with the Plaintiffs' federal civil rights to be free from discriminatory terms, conditions, and privileges of tenancy based on their identification as black persons with children.

47.

The Defendants, by and through the acts of its employees and executive management team, have purposefully and intentionally co-signed in the discriminatory application of eviction procedures against the Plaintiffs, by refusing to intervene after receiving notice of the same.

48.

After having notice of the discriminatory treatment, Defendants refused to intervene and stop the discriminatory behaviors of Mr. Vaughn.

49.

Defendants have not denied white renters within the Galleria community the ability to have their family members visit them.

50.

Defendants have not issued criminal trespasses in order to illegally evict white tenants within the Galleria community.

51.

Defendants have made racially discriminatory comments against white tenants within the Galleria community, to deny them the right of quiet enjoyment.

52.

Defendants' discriminatory actions are a violation of the Fair Housing Act, 42 U.S.C. § 3604(b).

53.

As a result of the unlawful actions of Defendants, Plaintiffs have suffered loss of income, emotional pain, suffering, mental anguish, attorney's fees, and other non-pecuniary losses.

## COUNT II: RETALITORY INTERFERNCE IN CONTRAVENTION OF THE FAIR HOUSING ACT

*(Mr. Revills and Ms. Jones Against Defendants)*

54.

Plaintiffs reinstate and reincorporate P1—P35 stated above.

55.

Mr. Revills is within the protected classifications of race and familial status covered under the Fair Housing Act as a black male with 4 minor children.

56.

Ms. Jones is within the protected classifications of race, sex, and familial status covered under the Fair Housing Act as a black female with 4 minor children.

57.

Ms. Jones engaged in protected activity pursuant to Section 3604 when she repeatedly rejected Mr. Vaughn's sexual advances.

58.

Ms. Jones engaged in protected activity pursuant to Section 3604 when she called Cobb County Police Department to report Mr. Vaughn's sexually harassing behaviors.

59.

Mr. Revills engaged in protected activity pursuant to Section 3604 when he confronted Mr. Vaughn and asked him to stop sexually harassing Ms. Jones.

60.

Mr. Revills engaged in protected activity pursuant to Section 3604 when he reported the sexual harassment to Defendants.

61.

Plaintiffs engaged in protected activity pursuant to Section 3604 they filed a complaint of discrimination to Housing and Urban Development in December 2021.

62.

Plaintiffs engaged in protected activity pursuant to Section 3604 when they appealed the retaliatory towing of Ms. Jones vehicle—explaining that the towing was initiated after Ms. Jones refused to have sex with Mr. Vaughn.

63.

Plaintiffs engaged in protected activity several times between November 2021- May 2022, during their conversations with Defendants' employees, noting that the eviction filing, and towing of Ms. Jones' vehicle was retaliatory and discriminatory.

64.

After having notice of these protected activities, Defendants retaliated against the Plaintiffs by filing a discriminatory eviction, issuing criminal trespass orders, refusing to investigate complaints of discrimination and retaliation, deactivating their key fobs, deactivating their access to the portal to request repairs, refusing to accept rental payments, and towing Ms. Jones' vehicle multiple times.

65.

Defendants intentionally and with malice aforethought coerced, intimidated, and threatened Plaintiffs after they asserted their rights under the Fair Housing Act by filing an eviction, issuing criminal trespass orders, allowing Defendant Vaughn to perpetuate his sexually harassing behaviors against Mr. Revills, and threatening them with arrests.

66.

Defendants intentionally interfered with the Plaintiffs right to protest discriminatory enforcement of the visitation, quiet enjoyment, and parking policies.

67.

Plaintiffs were intentionally and with malice aforethought denied the exercise and enjoyment of their fair housing rights in connection with their tenancy in the Galleria community because of their protected activities related to racial discrimination, sexual harassment, and familial status.

68.

Defendants' retaliatory discriminatory actions are a violation of the Fair Housing Act, 42 U.S.C. § 3617.

69.

As a result of the unlawful actions of Defendants, Plaintiffs have suffered loss of income, emotional pain, suffering, mental anguish, attorney's fees, and other non-pecuniary losses.

## COUNT III: SECTION 1981 RACIAL DISCRIMINATION IN THE PERFORMANCE OF CONTRACT

*(Plaintiffs Against Corporate Defendants CK 800, Galleria Apartments, and Element Galleria)*

70.

Plaintiffs reinstate and reincorporate P1—P35 stated above.

71.

Plaintiff signed a lease with Defendants, as evidenced in the controlling lease agreement between the parties.

72.

Ms. Jones was a resident of the Galleria community, and she was entitled to receive the benefits and privileges of the landlord tenant relationship.

73.

Pursuant to P1 and P3 of the lease agreement, Defendants agreed to lease the unit to Plaintiffs for the 12-month lease term for residential purposes.

74.

As tenants within the Galleria community, the Plaintiffs have the right to enjoy "all benefits, privileges, terms, and conditions of the contractual relationship" including the right to access the unit, park on the property, and have an operable key fob on a non-discriminatory basis.

75.

Defendants have breached P1 and P3, when they allowed Defendant employees to interfere with Plaintiffs' rights and access to the property by virtue of discriminatory animus toward black persons, manifested in their comments calling the Plaintiffs' 'ghetto' and 'hoodlums.'

76.

Defendants had knowledge and notice of their employees' discriminatory motive and actions, by direct complaints from Mr. Revills and Ms. Jones.

77.

After having knowledge of ongoing racial discrimination, Defendants intentionally failed to intervene to prevent ongoing discriminatory impact to the Plaintiffs.

78.

Defendants denied the Plaintiffs the same right to make and enforce employment contracts, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, as described above and to be further proved at trial, because of their race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

79.

As a result of the unlawful actions of Defendants, Plaintiffs have suffered loss of income, emotional pain, suffering, mental anguish, attorney's fees, and other non-pecuniary losses.

80.

Based on all the facts incorporated to support this Count, Plaintiffs have demonstrated that Defendants violated the Plaintiffs' Section 1981 rights by

subjecting them to a discriminatory hostile living environment because of their blackness.

## COUNT IV:
## ATTORNEY'S FEES
### *(Mr. Revills and Ms. Jones Against Defendants)*

Based on the facts alleged in this Complaint, Plaintiffs are entitled to attorney's fees against Defendants under 42 U.S.C. § 1988(b), 42 U.S.C. § 3613, and all applicable laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays this Court:

a) That process issue and service be had on each Defendant;

b) That a jury trial be had on all issues so triable;

c) That Plaintiffs be awarded all costs and other expenses in an amount to be determined at trial, including attorney's fees;

d) That Plaintiffs have judgment against Defendants for punitive damages;

e) That this Court grant compensatory and equitable relief to Plaintiffs;

f) That Plaintiffs receives such other and further relief as this Court deems just and proper.

DATE: June 22, 2022

Respectfully submitted,

/s/ Angelik Edmonds
Angelik Edmonds
Attorney for Plaintiffs
GA Bar: 650757
Edmonds Law Office of Civil Rights LLC
135 Auburn Avenue NE, Suite B
Atlanta, Georgia 30303
O: 678-404-1239
F: +1 678-623-9090
E: angie@aedmondslaw.com
